## WHITMEYER v. SALT LAKE & O. RY. CO.

No. 2755.   Decided July 20, 1915.   (151 Pac. 48.)

1. CARRIERS—SPUR TRACK—CONSTRUCTION—PUBLIC USE. Car barns of a railroad company necessary for the convenient and economical handling of its cars and electric locomotive and the care and repair thereof are a necessary part of the company's property as a common carrier, and a way to its car barns is a necessity as a common carrier. (Page 494.)

2. MUNICIPAL CORPORATIONS—STREETS—GRANT OF RIGHTS TO USE TO STREET RAILROAD. Where a spur track was necessary to enable an electric railway which was a common carrier to reach its car barns, the city council may authorize the laying of the tracks in the street, though it could not allow the building of tracks for a more private use.[1]   (Page 494.)

[1] Cereghino v. O. S. L. R. Co., 26 Utah, 467, 73 Pac. 634, 99 Am. St. Rep. 843; Stockdale v. Railroad, 28 Utah, 201, 77 Pac. 849.

Appeal from District Court, Second District; Hon. *J. A. Howell*, Judge.

Action by George A. Whitmeyer against the Salt Lake & Ogden Railway Company.

Judgment refusing an injunction. Plaintiff appeals.

AFFIRMED.

*C. R. Hollingsworth* for appellant.

*Boyd, De Vine & Eccles* for respondent.

STRAUP, C. J.

The defendant is a common carrier of passengers and freight operating an electric railway from Salt Lake City to Ogden. It was engaged in constructing and laying a spur track along or across a public street in Ogden running from its main line to its car barns. The plaintiff owns a lot with a building on it near the street. He brought this action to enjoin the defendant from occupying the street and from constructing and laying the track. The court refused the injunction, and the plaintiff appeals.

The court found:

That the defendant is a common carrier, and that the plaintiff owns property in Ogden abutting on the north side of Thirty-First street; "that on or about the 5th day of May, 1914, the defendant began constructing certain railroad tracks from a point on Lincoln avenue north of said Twenty-First street, across private lands to the north line of Thirty-First street, thence diagonally across said street to what is known as the car barns of the defendant to the south of such Thirty-First street; that the westerly side of the said tracks, at the street line, is about eight feet east of the easterly line of plaintiff's property; that it became and was necessary for the defendant company in doing so to tear up and remove earth from said street and the cement sidewalk at the point of crossing on the north side of said Thirty-First street, but that at the time of the issuing of the temporary injunction herein the

excavations in and obstruction of said street for travel was only temporary, and that it was and is the intention of the defendant to lay such tracks even with the grade of the street and of said sidewalk, and to restore such street and sidewalk to their formed grades; that such car barns or sheds are located upon and adjoining the main located lines of defendant, and are used in connection with, and as a part of, the business of the defendant company of carrying passengers and freight and for the maintenance, care, repair, and overhauling of its cars and electric locomotives used in such business, and said barns or sheds are located on certain lands owned by the defendant company immediately south of said Thirty-First street, as set forth in its answer herein; that the construction of such additional tracks is necessary and required for the convenient and economical handling of its cars and electric locomotives and the care and repair thereof in connection with its business as a common carrier of passengers and freight, and that the construction and proposed construction and use thereof is and will be in the usual and ordinary manner; that at the time of the commencement of the action herein the defendant had, and still has (in addition to the powers conferred upon it by the laws of the State of Utah), a franchise granted by Ogden City under date of the 12th day of June, 1905, and as amended to date the 2d of August, 1909, granting to it the right to construct a double-track, electric railroad into the City of Ogden, together with all necessary switches, Y's, turnouts, side tracks, and other trackage necessary in the operation of its line; and, further, that since the commencement of the action and prior to the hearing herein the board of commissioners of Ogden City regularly and duly passed an ordinance specifically granting a franchise to the defendant to construct the tracks in question upon and across said Thirty-First Street in the location and manner in which they are being constructed by the defendant."

On these the court denied the injunctive relief and dismissed the complaint. It is claimed that the court erred in finding that the car barns of the defendant were used as a part of its business in carrying passengers and freight. This

is based on the ground ."that the car barns are used by the defendant only for maintenance, care, repair, and over-hauling of its cars and electric locomotives," and that **1, 2** they are not used in any manner "by the public in doing business with the defendant as a common carrier," and that "the public has no right to enter upon the premises used by the defendant in connection therewith." That the car barns are used by the defendant for the maintenance, care, and repair of its cars used in its business and in operating its road is not disputed. What is claimed is that the public has no right to be around the car barns, and that they are not used to take on or off passengers, or to load or unload freight, and for that reason it is contended that they are not used for a public purpose. We do not see anything to this. To say that a common carrier may condemn and occupy lands to construct and maintain a line of railroad, but not for necessary power houses, repair shops, etc., nor for switches and spur tracks to get to them, would be a most novel doctrine. That the defendant is a common carrier and as such employs and operates its line of railway is not disputed. That the car barns are used and that the track attempted to be constructed is intended to be used in connection with and as a part of its railroad business, and hence for a public use, and not for a mere private use, cannot be doubted. Then is it said that the plaintiff's property would be damaged by the occupancy and use of the street for railroad purposes. Nothing in such respect is shown to entitle the plaintiff to injunctive relief. The case does not come within the rule stated in *Cereghino* v. *O. S. L. R. Co.*, 26 Utah, 467, 73 Pac. 634, 99 Am. St. Rep. 843, nor that of *Stockdale* v. *Railroad*, 28 Utah, 201, 77 Pac. 849. The point made that private property was taken for mere private use has no foundation. For that reason the further point is also of no force that the municipality has no right to grant the right to construct a railroad upon or across a public street for a mere private use.

We do not see any merit to this appeal. Let the judgment be affirmed, with costs.

Such is the order.

FRICK and McCARTY, JJ, concur.